## Chicago & Alton Railway Company v. James Kirkland.

1. EVIDENCE—*when conclusion of witness competent by way of.* Where a question calls for the conclusion of a witness, a responsive answer giving a conclusion, is not improper where the question itself was unobjected to.

2. INSTRUCTION—*as to mode of arriving at verdict, properly refused.* An instruction as follows:

" The court instructs the jury that they have no right to compromise in their verdict between the question of liability and the amount of damages, for if they shall find that according to the law as stated to them in the instructions of the court, under the evidence in the case, the defendant is not liable, then the plaintiff is not entitled to any damages, and it is the duty of the jury to so find by their verdict; and the jury must not arrive at their verdict by lot or chance; and no juror should consent to a verdict which does not meet with the approval of his own judgment and conscience, after due deliberation with his fellow jurors, and fairly considering all of the evidence admitted by the court, and the law as stated in the instructions of the court,—"

is properly refused.

Action on the case for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

PATTON & PATTON, for appellant; F. S. WINSTON, of counsel.

PERRY & MORGAN, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

The declaration is in case, the plea is the general issue, the verdict and judgment are for the plaintiff, Kirkland, for the sum of $1,250.

The declaration avers that the plaintiff was a brakeman in the service of the defendant company and on March 21, 1904, was engaged in braking on a train of freight cars of defendant, then being run and moved upon its railroad; that defendant negligently permitted one of the grab-irons upon the side of one of the cars in the train to become and remain insecurely fastened to the car; that plaintiff in the discharge of his duty as a brakeman in climbing up the side of a car to release a set brake took hold of the loose

grab-iron, which gave way by reason of its insecure fastening, whereby plaintiff fell to the ground and between the cars, and his left hand was run over and crushed by the wheels and he was otherwise injured and bruised.

At the close of the evidence on the part of the plaintiff and again at the close of all the evidence, the defendant in due form moved the court to instruct the jury to find the defendant not guilty; both motions were overruled and this action of the court is assigned as error. There was no error in the refusal of the court so to instruct. There was evidence tending to prove the essential averments of the declaration. In such case it is the duty of the court to submit the issue to the jury.

It is also contended that the trial court admitted improper evidence on the part of the plaintiff. The plaintiff was a witness in his own behalf and on his direct examination his counsel asked the question: "What is your condition with reference to being able to follow your business?" The plaintiff replied: "Well, I am not able to follow railroad freight work." There was no objection made to the question by the defendant but it objected to the answer. Counsel for the defendant say in their argument that the question was perfectly proper but that the answer was the mere opinion or conclusion of the witness and therefore improper. If it be conceded that the question was proper, it follows necessarily that the answer is proper. The question is precisely as if it read: "State whether or not in your condition you are able to follow your business." The answer was directly responsive to the question. No other alleged error in admission of evidence is complained of.

It is urged that the verdict is against the evidence, that the evidence shows that the plaintiff was not in the line of his duty, and fails to show that the defendant was guilty of negligence. We have above stated that there was evidence tending to prove the material averments of the declaration. The verdict having been rendered for the plaintiff, the trial judge having approved the verdict, and this court not perceiving that the evidence clearly preponder-

ates in favor of the defendant, we are not inclined to reverse upon that ground. The train left Springfield where it was made up at 7:35 A. M., Monday, March 21st. According to appellant's statement it ran to Peabody, five or six miles from Springfield, and from that point to Sherman, two miles further, where the accident happened; that is, it had run seven or eight miles. There is no question that the grab-iron was out of order at the time of the accident; the nut which held one end of it on the bolt and thereby secure to the car, was then gone; the evidence shows by the appearance of the thread on the bolt that the nut had not within a short time left the bolt. The inference from the proof as to the condition of the thread is natural, just and reasonable, that the nut was off for sometime before the train left Springfield, more reasonable than the theory of the appellant that it was jolted off by the movement of the car in going seven or eight miles.

To rebut the proof of plaintiff on this point defendant called its car inspector, Harrington, as a witness, who testified: "About March 19th, 20th and 21st, I was car inspector of defendant at Springfield, and made an inspection of car 7355 (the car in question) about that time. On the 19th of March I inspected the car and there was nothing the matter with it that I noticed." That is the whole of the proof as to inspection. Of what his inspection consisted is left to conjecture. The jury were justified in concluding that the nut was off the bolt at the time the so-called inspection was made, and also justified in concluding that that kind of inspection was equivalent to none, and that the defendant was guilty of negligence as charged. The plaintiff was head brakeman, Datum was rear brakeman and Platt was swingman. The car from which plaintiff fell was the third from the caboose, which was at the rear, and there were nine cars in all in the train. It is urged that plaintiff was outside of his duty in attempting to release the brake on that car, that he should have been at the head end of the train. The conductor of this train testified that it was the duty of plaintiff when the train

was moving out from a station to get on wherever he wanted to and if he saw a set brake any where on the train, to release it. The plaintiff was not out of the line of duty in attempting to climb that car to release the brake on it which was then set.

The court refused to give the following instruction asked by defendant:

" The court instructs the jury that they have no right to compromise in their verdict between the question of liability and the amount of damages, for if they shall find that according to the law as stated to them in the instructions of the court, under the evidence in the case, the defendant is not liable, then the plaintiff is not entitled to any damages, and it is the duty of the jury to so find by their verdict; and the jury must not arrive at their verdict by lot or by chance; and no juror should consent to a verdict which does not meet with the approval of his own judgment and conscience, after due deliberation with his fellow jurors, and fairly considering all of the evidence admitted by the court, and the law as stated in the instructions of the court."

There was no error in refusing this instruction. Birmingham Fire Insurance Co. v. Pulver, 126 Ill. 329.

The remaining assignment of error that is presented by counsel is that the damages are excessive. The proof is that the third finger of the plaintiff's left hand was crushed off except a short stump of a half inch, and that the first joint of the little finger of that hand is stiffened. The plaintiff testifies that three pairs of trucks passed over him, the brake beam hit him in the back, his leg was sprained and that he still suffers pain in his back and leg and in the injured hand when it strikes against any object. We are not inclined to think that the damages are so large as to require a reversal of the judgment. Not perceiving any substantial error in the record the judgment will be affirmed.

*Affirmed.*